RATTET PLLC
Robert L. Rattet, Esq.
202 Mamaroneck Avenue
Suite 300
White Plains, New York 10601
914.381.7400

*Proposed Attorneys for Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x
In re:                                 :   Chapter 11
                                       :
Veneer Products Ltd.,                  :   Case No.: 17-22759 (RDD)
                                       :
           Debtor.                     :
                                       :
---------------------------------------x
                                       :
In re:                                 :   Chapter 11
                                       :
Rimi Woodcraft Corp.,                  :   Case No.: 17-20002 (RDD)
                                       :
           Debtor.                     :
                                       :
---------------------------------------x
                                       :
In re:                                 :   Chapter 11
                                       :
Rimi Corporate Facilities Refurbishing.,:  Case No.: 17-20001 (RDD)
                                       :
           Debtor.                     :
                                       :
---------------------------------------x

**MOTION OF THE DEBTORS PURSUANT TO RULE 1015(b)
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
FOR ENTRY OF AN ORDER DIRECTING THE JOINT
<u>ADMINISTRATION OF THE CHAPTER 11 CASES</u>**

The above captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), by their attorneys, Rattet PLLC, file this motion (the "<u>Motion</u>") for an entry of an order directing the joint administration of the Chapter 11 Cases, respectfully state and represent as follows:

## Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory bases for the relief requested herein are §§ 105(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code"), and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

3. On May 23, 2017 (the "Filing Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and the management of their business affairs as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed.

4. On the date hereof, the Debtors also filed motions or applications seeking certain typical "first day" orders. The factual background regarding the Debtors, including their current and historical business operations and the events precipitating these Chapter 11 filings, which supports the Debtors applications for "first day" orders, is set forth at length in the Affidavit of Anthony Rizzo, pursuant to Rule 1007-4 of the Local Bankruptcy Rules of the Southern District of New York (the "1007 Affidavit"). As such, the 1007 Affidavit is fully incorporated herein by reference and made a part hereof.

**Relief Requested**

5. In order to provide for the speedy and inexpensive administration of the Chapter 11 Cases, as well as to carry out and properly administer the Debtors bankruptcy proceedings, by this Motion the Debtors seek entry of an order pursuant to Bankruptcy Rule 1015(b) authorizing the joint administration, for procedural purposes only, under the case number assigned to Veneer Products Ltd..

**Joint Administration Of These Cases Is Warranted**

6. Bankruptcy Rule 1015(b) provides, "[i]f … two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order a joint administration of the estates." See Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined under §101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

7. Many of the motions, hearings and orders that will arise in the Chapter 11 Cases will jointly affect each and every Debtor. By jointly administering the Chapter 11 Cases, the Debtors will be able to reduce fees and costs resulting from the administration of these cases and ease the onerous administrative burden of having to file multiple and duplicative documents.

8. The Debtors will continue to operate as separate and distinct legal entities, and propose to continue to maintain their books and records as set forth above, consistent with their prepetition practices.

9. Entry of an order directing the joint administration of the Chapter 11 Cases will avoid duplicative notices, applications, and orders, thereby saving the Debtors considerable time and expense. The rights of the creditors will not be adversely affected as this Motion requests only administrative, and not substantive, consolidation of the Debtors' estates. The rights of all

3

creditors will be enhanced by the reduced costs that will result from the joint administration of the Chapter 11 Cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") will be simplified.

10. Accordingly, the Debtors request that the caption of the Chapter 11 Cases be modified to reflect the joint administration of such cases, as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
                                          :
In re:                                    :   Chapter 11
                                          :
Veneer Products Ltd.,                     :   Case No.: 17-22759 (RDD)
                                          :
            Debtor.                       :
                                          :
------------------------------------------x
                                          :
In re:                                    :   Chapter 11
                                          :
Rimi Woodcraft Corp.,                     :   Case No.: 17-20002 (RDD)
                                          :
            Debtor.                       :
                                          :
------------------------------------------x
                                          :
In re:                                    :   Chapter 11
                                          :
Rimi Corporate Facilities Refurbishing.,  :   Case No.: 17-20001 (RDD)
                                          :
            Debtor.                       :
                                          :
------------------------------------------x

4

11. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket of each of the Debtors to reflect the joint administration of these cases:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 Cases commenced by Veneer Products Ltd., Rimi Woodcraft Corp. and Rimi Corporate Facilities Refurbishing. The docket in Case No. __-_____ (___) should be consulted for all matters affecting the above listed cases."

12. The Debtors will consult with the U.S. Trustee for authority to file the monthly operating reports required by the U.S. Trustee's Operating Guidelines on a consolidated basis. The Debtors are of the view that such consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and that such reports would accurately reflect the Debtors' consolidated business operations and financial affairs.

### Memorandum Of Law

13. This Motion includes citations to the applicable authorities and a discussion of their application to this Motion. Accordingly, the Debtors respectfully submit that such citations and discussion satisfy the requirements that the Debtors submit a separate memorandum of law in support of this Motion pursuant to Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York.

### Notice

14. Notice of this Application has been provided to (i) Office of the United States Trustee; (ii) the Debtors' twenty (20) largest unsecured creditors; (iii) the Debtors' secured creditors; and parties who have filed notices of appearance. The Debtors submit that said notice is adequate and proper.

5

## **Conclusion**

15. No previous application for the relief herein requested has been made to this or any other Court.

16. For all of the foregoing reasons, the Debtors respectfully request entry of an order, substantially in the form annexed hereto as **Exhibit A**.

**WHEREFORE**, the Debtors respectfully requests the Court to enter an order substantially in the form annexed hereto as **Exhibit A** directing the joint administration of the Chapter 11 Cases under the case number assigned to Veneer Products Ltd. and granting such other and further relief as may be just and proper.

Dated:  White Plains, New York
        May 31, 2017

                                        RATTET PLLC
                                        *Proposed Attorneys for Debtors*


                                        By: _____
                                            Robert L. Rattet
                                        202 Mamaroneck Avenue
                                        Suite 300
                                        White Plains, New York 10601
                                        914.381.7400

6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
                                   :
In re:                             : Chapter 11
                                   :
Veneer Products Ltd.,              : Case No.: 17-22759 (RDD)
                                   :
            Debtor.                :
                                   :
---------------------------------- x
                                   :
In re:                             : Chapter 11
                                   :
Rimi Woodcraft Corp.,              : Case No.: 17-20002 (RDD)
                                   :
            Debtor.                :
                                   :
---------------------------------- x
                                   :
In re:                             : Chapter 11
                                   :
Rimi Corporate Facilities Refurbishing., : Case No.: 17-20001 (RDD)
                                   :
            Debtor.                :
                                   :
---------------------------------- x

**ORDER PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE FOR ENTRY OF AN ORDER DIRECTING
<u>THE JOINT ADMINISTRATION OF THE CHAPTER 11 CASES</u>**

**UPON** the motion of the above captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), by their attorneys, Rattet PLLC, for entry of an order directing the joint administration of the Chapter 11 Cases; it appearing that the relief requested is in the best interests of the Debtors estates, their creditors, and other parties in interest; it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that

this proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2); it appearing that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. § 1408 and 1409; and notice of this Motion and opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED**, that the Motion is granted in its entirety; and it further

**ORDERED**, that pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, the above captioned Chapter 11 Cases are consolidated, for procedural purposes only, and shall be jointly administered by the Court; and it is further

**ORDERED**, that nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned Chapter 11 Cases; and it is further

**ORDERED**, that the caption of the jointly administered cases shall read as follows:

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
                                                           :

In re:                                         :     Chapter 11

Veneer Products Ltd.,                  :     Case No.: 17-22759 (RDD)

                Debtor.        :

------------------------------------ x

In re:                                         :     Chapter 11

Rimi Woodcraft Corp.,                :     Case No.: 17-20002 (RDD)

                Debtor.        :

------------------------------------ x

In re:                                         :     Chapter 11

Rimi Corporate Facilities Refurbishing.,   :     Case No.: 17-20001 (RDD)

                Debtor.        :

------------------------------------ x

and it is further

      **ORDERED**, that a docket entry shall be made in each of the above-captioned cases substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 Cases commenced by Veneer Products Ltd., Rimi Woodcraft Corp. and Rimi Corporate Facilities Refurbishing. The docket in Case No. 17-22759 (RDD) should be consulted for all matters affecting the above listed cases."

3

and it is further

**ORDERED**, that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

**ORDERED**, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that to the extent that any affiliates of the Debtors subsequently commence Chapter 11 Cases, the relief granted pursuant to this Order shall apply to such debtors and their respective estates; and it is further

**ORDERED**, that the requirement set forth in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived; and it is further

4

**ORDERED**, that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:   White Plains, New York
        May __, 2017

                                                                           HONORABLE ROBERT D. DRAIN
                                                                           United States Bankruptcy Judge

Dated:   White Plains, New York
        May __, 2017

_____

Assistant U.S. Trustee